IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| POWERTECH INDUSTRIAL CO., LTD., a Taiwan company,<br><br>　　　　　　Plaintiff,<br><br><br>v.<br><br>360 ELECTRICAL, LLC, a Utah limited liability company,<br><br>　　　　　　Defendant. | **MEMORANDUM DECISION AND ORDER DENYING MOTION FOR ENTRY OF DEFAULT**<br><br><br>Case No. 2:23-cv-00675-TC<br><br>Judge Tena Campbell |

Before the court is a Motion for Entry of Default (ECF No. 85) filed by Plaintiff Powertech Industrial Co., Ltd. (Powertech). Powertech asks the court to enter a default certificate against Defendant 360 Electrical, LLC (360 Electrical) for the Defendant's failure to obtain new counsel and continue defending this action. As discussed below, the court agrees that a sanction is warranted for 360 Electrical's failure to obtain counsel. But the court denies the Plaintiff's motion because the entry of a default certificate is not necessary or appropriate in these circumstances. Instead, the court grants the Plaintiff leave to file a motion for default judgment and a motion to strike counterclaims.

## BACKGROUND

Powertech filed its original Complaint in this action on September 27, 2023. (ECF No. 2.) After waiving service, 360 Electrical filed a motion to dismiss on January 4, 2024. (ECF No. 14.) Powertech later filed an Amended Complaint (ECF No. 15), and 360 Electrical filed an

1

Answer and Counterclaim on February 9, 2024, which is later amended on April 24 and 25, 2024.  (ECF Nos. 23, 34–35).  The court issued a ruling on the Defendant's motion to dismiss on September 17, 2024, granting the motion in part and denying the motion in part.  (Order & Mem. Decision, Sept. 17, 2024, ECF No. 45.)  The court dismissed Powertech's claim for conversion but found that Powertech had adequately pleaded a claim for trade secret misappropriation.  (Id. at 9–10.)

The court then entered a scheduling order, and the parties proceeded to discovery. 360 Electrical later filed a Motion to Destroy or Abandon Excess and Duplicative Non-Conforming Products.  (ECF No. 63.)  And although the parties briefed that motion and the court set a hearing, the court later vacated the hearing after 360 Electrical's counsel moved to withdraw.  (Mot. Withdraw, ECF No. 76; Order Vacating Hr'g, ECF No. 78.)  In that motion, defense counsel noted that 360 Electrical had been dissolved and was no longer in business, it did not have any assets or employees, and it could not pay for ongoing legal services.  (Id. at 2.) The court granted the motion to withdraw on April 24, 2026.  (Order, Apr. 24, 2026, ECF No. 77.)  The court ordered 360 Electrical to retain new counsel and file a notice of appearance within 21 days.  (Id. at 1.)  The court noted that a business entity such as a limited liability company must be represented by an attorney.  (Id. (citing DUCivR 83-1.3(c)(2)).  And the court stated: "A party who fails to file a Notice of Appearance as required may be subject to sanctions under the local rules [of] practice or Fed. R. Civ. P. 16(f)(1), including entry of an order of dismissal or default judgment."  (Id. at 2.)

360 Electrical did not file a notice of appearance for new counsel within 21 days.  Indeed, it has now been over three months since the court ordered 360 Electrical to retain new counsel. Because the Defendant has been unable to obtain counsel, the court denied without prejudice the

Defendant's pending motion concerning excess products.  (Mem. Decision & Order, July 17, 2026, ECF No. 83.)  Powertech then filed its motion for entry of default against 360 Electrical on July 20, 2026.  (ECF No. 85.)

## ANALYSIS

The District of Utah's local rules provide that, when the court grants a motion to withdraw as counsel, "[a]n unrepresented party who fails to appear within 21 days after entry of the order, or within the time the court requires, may be sanctioned under Fed. R. Civ. P. 16(f)(1), including entry of a default judgment or an order of dismissal."  DUCivR 83-1.4(d).  Rule 16(f) of the Federal Rules of Civil Procedure provides that a court may issue an order imposing sanctions, "including those authorized by Rule 37(b)(2)(A)(ii)–(vii), if a party or its attorney … fails to obey a scheduling or other pretrial order."  Fed. R. Civ. P. 16(f)(1)(C).  The sanctions permitted under Rule 37(b)(2)(A) include "striking pleadings in whole or in part" and "rendering a default judgment against the disobedient party[.]"  Fed. R. Civ. P. 37(b)(2)(A)(iii), (vi).

Given 360 Electrical's failure to retain new counsel, these provisions permit the court to sanction 360 Electrical by striking the Defendant's Counterclaims and by entering default judgment against the Defendant.  After all, "a corporation or other business entity can only appear in court through an attorney and not through a non-attorney corporate officer appearing pro se."  Harrison v. Wahatoyas, L.L.C., 253 F.3d 552, 556 (10th Cir. 2001) (citation omitted).  If 360 Electrical is unable to find new counsel, then it cannot defend this action further and default judgment is appropriate.  But rather than filing a motion for default judgment, Powertech has requested that the court enter a default certificate against 360 Electrical.

The request is understandable.  When a party moves for default under Rule 55 of the Federal Rules of Civil Procedure, entry of a default judgment is a two-step process.  See Meyers

v. Pfizer, Inc., 581 F. App'x 708, 710 (10th Cir. 2014).  If a defendant fails to timely respond to the complaint after proper service, a plaintiff may request entry of a default by the court clerk, who then decides whether to enter a default.  Id. (citing Fed. R. Civ. P. 55(a)).  "If the clerk enters a default, the plaintiff can ask the court to grant a default judgment."  Id. (citing Fed. R. Civ. P. 55(b)(2)).  Accordingly, under Rule 55, a party must first request entry of default—as Powertech has done here—before moving for default judgment.

But Rule 55 only applies "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend …."  Fed. R. Civ. P. 55(a).  Powertech asserts that 360 Electrical has failed to "otherwise defend" by failing to retain new counsel.  But this language more plausibly refers to the pleading stage, where a defendant may "otherwise defend' an action by filing a motion to dismiss or other response that is not a pleading.  Here, for instance, 360 Electrical originally defended the action by filing a motion to dismiss, and later by filing an answer.  The court finds that Rule 55(a) is not applicable where a party appears but then later fails to defend as a result of the withdrawal of counsel.  This interpretation is in accord with other courts who have considered the issue.  See Pro Star Logistics, Inc. v. AN Enter., No. 2:17-cv-491-TS, 2018 WL 1785516, at *1 (D. Utah Apr. 1l, 2018) (declining to enter default under Rule 55(a) for a party's failure to appear after withdrawal of counsel); Broadbent v. Old Home Love, Corp., No. 2:20-cv-762, 2021 WL 4949058, at *1–2 (D. Utah Oct. 22, 2021) (same).

While the distinction between a Rule 37 default judgment and a Rule 55 default judgment may appear overly technical, the lack of a default certificate requirement under Rule 37 accurately reflects that the court enters a Rule 37 default judgment as a sanction, rather than because a defendant has never appeared.  The court's local rules also reflect this distinction, as DUCivR 55-1(a)(1) requires a party seeking default judgment to first obtain a default certificate,

4

except in the circumstances identified in DUCivR 55-1(c)(2)(C), which states that the "court may enter default judgment as a sanction without the clerk entering a certificate of default."

The court's ruling does not prevent Powertech from filing a motion for default judgment and a motion to strike the remaining counterclaims.  But the court notes that a default judgment, like the dismissal of counterclaims, "represents an extreme sanction[.]"  Derma Pen, LLC v. 4EverYoung Ltd., 736 F. App'x 741, 745 (10th Cir. 2018) (citation omitted).  The court "should ordinarily consider a number of factors" when ruling on a motion for default judgment or dismissal, including 1) "the degree of actual prejudice to the defendant;" 2) "the amount of interference with the judicial process;" 3) "the culpability of the litigant;" 4) "whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance;" and 5) "the efficacy of lesser sanctions."  See Ehrenhaus v. Reynolds, 965 F.2d 916, 921 (10th Cir. 1992) (citations omitted).

The court further notes that a plaintiff must establish that the amount of requested damages in a motion for default judgment is reasonable under the circumstances.  DeMarsh v. Tornado Innovations, L.P., No. 08-2588-JWL, 2009 WL 3720180, at *2 (D. Kan. Nov. 4, 2009) (citation omitted).  "Damages may be awarded only if the record adequately reflects the basis for [the] award via 'a hearing or a demonstration by detailed affidavits establishing the necessary facts.'"  Id. (quoting Adolph Coors Co. v. Movement Against Racism & the Klan, 777 F.2d 1538, 1544 (11th Cir. 1985)).

With these standards in mind, the court grants Powertech fourteen days from the date of this order to file any motion for default judgment or motion to strike counterclaims.  And the court provides a final warning to 360 Electrical that, while the court reserves judgment about whether a default judgment is appropriate until the court has considered the Ehrenhaus factors

presented by the Plaintiff, the court is inclined to grant a motion for default judgment and a motion to strike counterclaims due to 360 Electrical's failure to retain new counsel and enter an appearance.

## ORDER

For the foregoing reasons, the court ORDERS as follows:

1.    The Plaintiff's Motion for Entry of Default (ECF No. 85) is DENIED.

2.    The Plaintiff may file a motion for default judgment and a motion to strike counterclaims within 14 days from the date of this order.

3.    The court directs the Clerk of Court to send a copy of this order to 360 Electrical, LLC at: 14628 E. 46th Loop, Yuma, AZ 85367.  (See ECF No. 76 at 1 (listing the Yuma address as "the last known address where a contact for 360 Electrical, LLC could be reached").)

DATED this 3rd day of August, 2026.

BY THE COURT:

Tena Campbell
United States District Judge

6