IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| POWERTECH INDUSTRIAL CO., LTD., a Taiwan company,<br><br>Plaintiff,<br><br>v.<br><br>360 ELECTRICAL, LLC, a Utah limited liability company,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING MOTION FOR DISPOSITIVE SANCTIONS**<br><br>Case No. 2:23-cv-00675-TC-CMR<br><br>Judge Tena Campbell<br>Chief Magistrate Judge Cecilia M. Romero |

Before the court is a motion filed by Plaintiff Powertech Industrial Co., Ltd. (Powertech) asking the court to enter default judgment against Defendant 360 Electrical, LLC (360 Electrical) and to strike the Defendant's counterclaims as a sanction for the Defendant's failure to retain counsel despite repeated court orders requiring that the Defendant do so. (ECF No. 87.) For the following reasons, the court denies the motion.

**BACKGROUND**

Powertech is a Taiwan-based manufacturing company that specializes in surge protectors and other power management products. (Am. Compl. ¶ 6, ECF No. 15.) 360 Electrical is a Utah-based company that sells wall outlets, power strips, and other electrical products. (Id. ¶ 7.) Around 2008, the two companies began working together to develop 360 Electrical's line of rotating wall outlets and surge protector products (including, as relevant in this lawsuit, the "Core Line" products and the "Revolve 2.4" and "Revolve 3.4" products). (Id. ¶¶ 8–11, 46–47.)

Powertech created tooling that was used to produce parts of 360 Electrical's Core Line products, such as the top casing and bottom casing. (Id. ¶ 46.) Powertech incurred startup costs from this product development and alleged that the tooling was specifically used to manufacture the Core Line products. (Id. ¶¶ 46–47.) Since at least 2020, the parties have disputed whether Powertech or 360 Electrical owns the tooling. (Id. ¶¶ 49–51.)

The parties' dispute grew in scope on January 20, 2022. (Id. ¶ 13.) At that time, 360 Electrical emailed Powertech asserting that several Revolve 2.4 and Revolve 3.4 products—specified in Purchase Order (PO) 1444 and PO 1474—did not meet 360 Electrical's color specifications. (Id.) After discovering the nonconforming products, 360 Electrical inspected its existing products and determined that all the Revolve family of products were nonconforming due to coloration issues. (Id. ¶ 17.) During the subsequent year, the parties were unable to reach an agreement about how to resolve the conflict and both parties accused each other of acting in bad faith. (Id. ¶¶ 63–69; Am. Countercl. ¶¶ 373–659, ECF No. 35.)

Powertech filed its original Complaint in this action on September 27, 2023. (ECF No. 2.) After waiving service, on January 4, 2024, 360 Electrical filed a motion to dismiss the action in part. (ECF No. 14.) Powertech then filed an Amended Complaint, asserting claims for breach of contract, breach of the implied covenant of good faith and fair dealing, unjust enrichment, conversion, and trade secret misappropriation. (ECF No. 15.) Among other complaints, Powertech asserted that 360 Electrical inappropriately applied a unilateral $812,493.80 credit on unrelated invoices to account for products for which 360 Electrical maintained there was a warranty issue. (Id. ¶ 59.) Powertech also claimed that 360 Electrical refused to pay $419,758.07 in overdue invoices for purchase orders that were unrelated to the orders for which 360 Electrical claimed a warranty issue existed. (Id. ¶ 60.)

360 Electrical filed an Answer and Counterclaim on February 9, 2024, which it later amended on April 24 and 25, 2024. (ECF Nos. 23, 34–35). 360 Electrical maintained that Powertech knowingly shipped nonconforming products and that the nonconforming products were being stored at 360 Electrical's expense. (Am. Countercl. ¶¶ 406, 570–76.)

The court issued a ruling on 360 Electrical 's partial motion to dismiss on September 17, 2024, granting the motion in part and denying the motion in part. (Order & Mem. Decision, Sept. 17, 2024, ECF No. 45.) The court dismissed Powertech's claim for conversion but found that Powertech had adequately pleaded a claim for trade secret misappropriation. (Id. at 9–10.)

The court then entered a scheduling order, and the parties proceeded to discovery. 360 Electrical later filed a Motion for Leave to Destroy or Abandon Excess and Duplicative Non-Conforming Products. (ECF No. 63.) Although the parties briefed the motion and the court set a hearing, the court vacated the hearing after 360 Electrical's counsel moved to withdraw. (Mot. Withdraw as Counsel, ECF No. 76; Order Vacating Mot. Hr'g, ECF No. 78.) In that motion, defense counsel noted that 360 Electrical had been dissolved and was no longer in business, it did not have any assets or employees, and it could not pay for ongoing legal services. (ECF No. 76 at 2.) The court granted the motion to withdraw on April 24, 2026. (Order, Apr. 24, 2026, ECF No. 77.) The court ordered that "[w]ithin 21 days, 360 Electrical, LLC must retain an attorney and file a Notice of Appearance." (Id. at 1.) The court noted that a business entity such as a limited liability company "cannot proceed without representation" but must be represented by an attorney. (Id. (citing DUCivR 83-1.3(c)(2)).) And the court stated: "A party who fails to file a Notice of Appearance as required may be subject to sanctions under the local rules [of] practice or Fed. R. Civ. P. 16(f)(1), including entry of an order of dismissal or default

judgment." (Id. at 2.) After 360 Electrical failed to file a notice of appearance for new counsel within 21 days, the court denied without prejudice the Defendant's motion concerning excess products. (Mem. Decision & Order, July 17, 2026, ECF No. 83.)

Powertech then filed a motion for entry of default against 360 Electrical on July 20, 2026. (ECF No. 85.) The court denied that motion. (Mem. Decision & Order, Aug. 3, 2026, ECF No. 86.). It noted that an entry of default under Rule 55 of the Federal Rules of Civil Procedure was not necessary or appropriate in the circumstances, given that 360 Electrical had initially defended the action, but that Powertech could move for default judgment and to strike counterclaims under Rule 37 as sanctions for 360 Electrical's failure to comply with the court's order. (Id. at 1, 5–6.) And in its order, the court provided "a final warning to 360 Electrical that … the court is inclined to grant a motion for default judgment and motion to strike counterclaims due to 360 Electrical's failure to retain new counsel and enter an appearance." (Id. at 5–6.)

Two weeks after the court denied Powertech's motion for entry of default, Powertech filed the motion for dispositive sanctions that is now before the court. Eleven days later, on August 28, 2026, 360 Electrical filed a notice of appearance. (ECF No. 93.) The court then ordered 360 Electrical to file a response to Powertech's motion. (Order, Sept. 3, 2026, ECF No. 95.) The court also ordered the parties to file a status report about how they wished the court to proceed now that 360 Electrical had obtained counsel. (Id.) The parties filed that status report on September 10, 2026. (ECF No. 97.) Briefing on Powertech's motion is now complete. (Def.'s Mem. Opp'n, ECF No. 96; Pl.'s Reply, ECF No. 99.)

## LEGAL STANDARD

When the court grants a motion to withdraw as counsel, "[a]n unrepresented party who fails to appear within 21 days after entry of the order, or within the time the court requires, may

be sanctioned under Fed. R. Civ. P. 16(f)(1), including entry of a default judgment or an order of dismissal." DUCivR 83-1.4(d). A court may issue an order imposing sanctions, "including those authorized by Rule 37(b)(2)(A)(ii)–(vii), if a party or its attorney … fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(C). The sanctions permitted under Rule 37(b)(2)(A) include "striking pleadings in whole or in part" and "rendering a default judgment against the disobedient party[.]" Fed. R. Civ. P. 37(b)(2)(A)(iii), (vi). When determining the proper sanction, the court considers: (1) "the degree of actual prejudice to the defendant," (2) "the amount of interference with the judicial process," (3) "the culpability of the litigant," (4) "whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance," and (5) "the efficacy of lesser sanctions." Ehrenhaus v. Reynolds, 965 F.2d 916, 921 (10th Cir. 1992) (citations omitted).

A trial court has "broad discretion in deciding whether to enter a default judgment." Galloway v. Hadl, No. 07-3016, 2008 WL 5109758, at *1 (D. Kan. Dec. 2, 2008) (citing Grandbouche v. Clancy, 825 F.2d 1463, 1468 (10th Cir. 1987)). A plaintiff who moves for default judgment must establish that the amount of requested damages is reasonable under the circumstances. DeMarsh v. Tornado Innovations, L.P., No. 08-2588, 2009 WL 3720180, at *2 (D. Kan. Nov. 4, 2009) (citation omitted). "Damages may be awarded only if the record adequately reflects the basis for [the] award via 'a hearing or a demonstration by detailed affidavits establishing the necessary facts.'" Id. (quoting Adolph Coors Co. v. Movement Against Racism & the Klan, 777 F.2d 1538, 1544 (11th Cir. 1985)).

## ANALYSIS

Having carefully considered the Ehrenhaus factors, the court finds that dispositive sanctions are not warranted. Although several factors weigh in favor of granting Powertech's

motion, there are lesser sanctions that would be effective and 360 Electrical's culpability is mitigated by the fact that an organization cannot represent itself in this court.

First, the court agrees with Powertech that 360 Electrical's lengthy delay obtaining new counsel prejudiced Powertech's ability to pursue its claims and defend against 360 Electrical's counterclaims, and that the delay interfered with the judicial process. The court warned 360 Electrical several times that dismissal of its counterclaims and the entry of default judgment were likely sanctions for its failure to obtain counsel. And on August 3, 2026, the court provided a final warning in which it stated that, while it was reserving judgment about whether a default judgment was appropriate until it considered the Ehrenhaus factors, it was inclined to grant default judgment after considering Powertech's forthcoming motion. (ECF No. 86 at 5–6.)

But dispositive sanctions are an "extreme sanction." Derma Pen, LLC v. 4EverYoung Ltd., 736 F. App'x 741, 745 (10th Cir. 2018) (quoting Ehrenhaus, 965 F.2d at 920). And although 360 Electrical's new counsel did not enter an appearance until the eleventh hour, it is understandable that it was difficult for 360 Electrical to obtain representation given the assertion made by its previous counsel that 360 Electrical had been dissolved and was no longer in business. The court therefore disagrees with Powertech that 360 Electrical's noncompliance was wholly voluntary.

Moreover, the court finds that lesser sanctions would be effective in these circumstances. The harm that Powertech asserts it suffered includes monetary harm from the cost of preparing the motion for dispositive sanctions that is now before the court, as well as the uncertainty about whether 360 Electrical has preserved the evidence that was the subject of its motion for leave to destroy products. The court will therefore award Powertech reasonable attorneys' fees for the cost of preparing its motion. The court will also extend the fact discovery deadline, and

Powertech may move for additional sanctions if it determines that 360 Electrical's delay has resulted in the spoliation of evidence.

**ORDER**

For the foregoing reasons, the court ORDERS as follows:

1. The Plaintiff's Motion for Dispositive Sanctions (ECF No. 87) is DENIED.

2. The court extends fact discovery for an additional 60 days from the date of this order.

3. Within 60 days from the date of this order, the parties must either file: 1) a motion for a scheduling order containing deadlines for expert discovery and dispositive motions; or 2) a motion to stay these proceedings.

4. At any time, the parties may file a stipulated motion for judicial settlement conference if they believe that a court-moderated mediation would help them resolve their dispute.[1]

DATED this 8th day of October, 2026.

BY THE COURT:

Tena Campbell

Tena Campbell
United States District Judge

[1] A template for this motion is available on the court's website: https://www.utd.uscourts.gov/forms/all-forms.